IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Cynthia Barry,                       Case No. 3:11 CV 1209

           Plaintiff,           MEMORANDUM OPINION
                                     AND ORDER
   -vs-
                                     JUDGE JACK ZOUHARY
IES, et al.,

           Defendants.

This matter is before this Court on Defendant's Motion to Dismiss (Doc. No. 14).

By way of background, this is a *pro se* lawsuit with an original Complaint filed on June 10, 2011 (Doc. No. 1). Plaintiff was afforded an opportunity to file an Amended Complaint setting forth a valid claim (Doc. No. 3). An Amended Complaint was filed on July 20, 2011 (Doc. No. 4). Plaintiff was again ordered to file a Second Amended Complaint to comply with pleading requirements (Doc. No. 5), and a Second Amended Complaint was filed on August 1, 2011 (Doc. No. 6). The Second Amended Complaint, in its entirety, states:

> The Defendants have knowingly violated the Equal Pay Act and also my 14th Amendment Rights. I feel I would not have incurred the financial hardship I have, if my pay were right from the beginning. I also feel if I were a man this would have never happened to me.

On December 6, 2011, Defendants filed a Motion to Dismiss (Doc. No. 14). Plaintiff failed to respond.

When deciding a motion to dismiss under Federal Civil Rule 12(b)(6), the function of the Court is to test the legal sufficiency of the Complaint. In scrutinizing the Complaint, this Court accepts the allegations stated within as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), while viewing the Complaint in a light most favorable to Plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976). Although the Complaint need not contain "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the Complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). And "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949). This standard for Rule 12(b)(6) applies to "all civil actions." *Id.* at n.4 (internal quotation omitted).

Defendants argue that because the Second Amended Complaint fails to satisfy the above pleading requirements, it cannot survive their Motion to Dismiss (Doc. No. 14 at 3). This Court agrees. In her single-sentence Complaint, Plaintiff alleges a violation of the "Equal Pay Act and also my 14th Amendment Rights" (Doc. No. 6). This bare allegation -- completely devoid of any factual support -- is insufficient under well-established legal principles. *See Bell Atl. Corp.*, 550 U.S. at 570; *Iqbal*, 129 S. Ct. at 1949.

Furthermore, Plaintiff's earlier-failed attempts to plead a sufficient complaint cannot rescue her Second Amended Complaint. *See Parks v. Federal Express Corp.*, 1 F. App'x 273, 277 (6th Cir.

2

2001) (holding earlier filed complaints "cannot be used to repair defects in a subsequent complaint").

The baseball rule of "three strikes, you are out" applies to this case.

    For all the above reasons, Defendants' Motion is well taken. This case is dismissed.

    IT IS SO ORDERED.

                                                  s/ *Jack Zouhary*
                                                  JACK ZOUHARY
                                                  U. S. DISTRICT JUDGE

                                                  December 30, 2011